UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES ARLOTTA,

                Plaintiff,

v.

BANK OF AMERICA,
CITIZENS BANK, and
DIRECT EXPRESS CORPORATE OFFICE,

                Defendants.

Case # 16-CV-792-FPG

DECISION AND ORDER

    *Pro se* Plaintiff James Arlotta has filed a Complaint and an Amended Complaint in this action against Bank of America, Citizens Bank, and Direct Express Corporate Office (ECF Nos. 1, 4) and seeks permission to proceed *in forma pauperis* (ECF No. 2). The Court finds that Plaintiff has met the statutory requirements to proceed as a poor person pursuant to 28 U.S.C. § 1915(a). Therefore, Plaintiff's request to proceed *in forma pauperis* is granted. The Court has also screened Plaintiff's Complaint with respect to the 28 U.S.C. §1915(e) criteria, as discussed below.

## DISCUSSION

    Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Pursuant to Section 1915(e), the Court shall dismiss a complaint in a civil action if, at any time, the Court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B)(i)-(iii). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation

marks omitted). However, leave to amend pleadings is properly denied where amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

Reading Plaintiff's Complaint and Amended Complaint liberally, they fail to state a claim. The Amended Complaint purports to allege claims under 18 U.S.C. §§ 1005, 1029, 1030, and/or 1343. ECF No. 4-1 at 1. But all of these statutes are criminal statutes, and Plaintiff, as a private citizen, may not institute a civil action in an attempt to subject entities to criminal liability. Nor does Plaintiff have a constitutional right to bring a criminal complaint against another individual. *See, e.g., Leeke v. Timmerman,* 454 U.S. 83 (1981); *Linda R.S. v. Richard D.,* 410 U.S. 614 (1973); *Ostrowski v. Mehltretter*, 20 F. App'x 87 (2d Cir. 2001).

While Plaintiff also purports to bring this action under 42 U.S.C. § 1983, his Complaint also fails to allege any theory that could state a claim under that section. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997).

While Plaintiff's allegations are confusing at best, reading his submissions liberally, he alleges that he sent mail to or regarding Defendants which was never received by someone, and Plaintiff then filed a complaint with the U.S. Postal Service. ECF No. 4-1 at 2. He further alleges that he had bank accounts with two of the Defendants, and used the third Defendant's services for an unspecified purpose. *Id.* These allegations fail to state a claim because (1) the named Defendants are not state actors and are therefore not subject to liability under 42 U.S.C. § 1983,

and (2) in any event, Plaintiff's Complaint fails to set forth any rational basis upon which the Court could even infer a potential cause of action against these Defendants.

Accordingly, the Court finds that Plaintiff's claims against Defendants Bank of America, Citizens Bank, and Direct Express Corporate Office are not cognizable in this civil action under 18 U.S.C. §§ 1005, 1029, 1030, and/or 1343, and fail to state a claim under 42 U.S.C. § 1983. Consequently, the Complaint and Amended Complaint are dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii). The Court declines to permit Plaintiff to further amend his Complaint, as such repleading would be futile. *See Ruffolo,* 987 F.2d at 131.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* is GRANTED, and the Complaint and Amended Complaint are DISMISSED WITH PREJUDICE, and Plaintiff's pending motions for miscellaneous relief (ECF Nos 3, 5) are DENIED AS MOOT.

The Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

The Clerk of Court shall close this case.

IT IS SO ORDERED.

DATED: September 18, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court